**Jon J. LEIDEL, Plaintiff,**

v.

**AMERIPRIDE SERVICES, INC., d/b/a Ameripride Linen and Apparel Services, Defendant.**

**No. 00–4184–JAR.**

United States District Court, D. Kansas.

June 22, 2004.

27. *Id.*

David O. Alegria, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for Plaintiff.

Brenda L. Head, Davis, Unrein, McCallister, Biggs and Head, LLP, Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

ROBINSON, District Judge.

This matter comes before the Court on the plaintiff's motion for attorney fees and an award of costs (Doc. 94). Defendant has responded, and the matter is ready for

disposition. For the reasons stated below, the Court grants in part and denies in part the plaintiff's motion.

### Background

Plaintiff brought this action making claims of sexual harassment and retaliatory discharge pursuant to Title VII of the Civil Rights Act of 1964.[1] After a week long trial, the jury returned a verdict finding for plaintiff on his retaliation claim, but awarded zero dollars in damages. On July 24, 2003, the Court awarded plaintiff $30,874.14 in back pay damages and $5,287.04 in pre-judgment interest for a total of $36,134.18 (Doc. 77). Plaintiff filed a Motion for New Trial on Issue of Sexual Harassment, or for Renewed Judgment as a Matter of Law and for Sanctions (Doc. 78). On November 13, 2003, the Court granted in part and denied in part plaintiff's motion (Doc. 92), denying plaintiff's request for a new trial and judgment as a matter of law, but assessing sanctions against defendant's counsel. Now, plaintiff seeks attorney fees and non-taxable costs.

### Analysis

Pursuant to 42 U.S.C. § 2000e-(5)(k), the court may award attorneys' fees and costs to the prevailing party in a Title VII action. The plaintiff is requesting fees in the amount of $138,275 for David Algeria, $3,997.50 for his legal assistant, and expenses of $6,623.80, for a total award of $148,896.30. Defendant objects to the plaintiff's request and asks the Court to reduce the award accordingly.

The Tenth Circuit discusses the proper procedure for determining a reasonable attorney fee in *Case v. Unified School Dist. No. 233, Johnson County, Kansas*,[2] stating:

To determine a reasonable attorneys fee, the district court must arrive at a "lodestar" figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate. The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.[3]

### A. Timeliness of Fee Request

Fed.R.Civ.P. 54(d)(2) provides that a motion for attorney fees must be filed no later than 14 days after entry of judgment. The Court issued its order granting in part and denying in part plaintiff's motion for post-trial relief on November 13, 2003. On November 29, 2003, plaintiff filed a motion for extension of time to file an application for attorney fees (Doc. 93), and plaintiff filed his motion for fees on December 8, 2003 (Doc. 94). In his motion for extension of time, plaintiff states that he had 14 days after November 13, 2003, to submit his request for fees, and therefore, the application was due "today, Friday, November 28, 2003." Plaintiff's certificate of service states that he electronically filed the motion for extension on November 28, 2003, yet the electronic notice indicates the motion was received from counsel on November 29, 2003, and entered on that date.

Defendant contends that plaintiff's motion is untimely because it was filed more than 14 days from the entry of the Court's order dated November 13, 2003. If the motion for fees is not filed within 14 days, the court may extend the filing time when the failure to file was "the result of excusable neglect."[4] Plaintiff does not address this issue in his response to defendant's objection.

---

1. 42 U.S.C. § 2000e *et seq.*

2. 157 F.3d 1243, 1249 (10th Cir.1998).

3. *Id.* (internal quotations omitted).

4. Fed.R.Civ.P. 6(b)(2); *see Thomas v. Board of Educ., Unified School Dist. No. 501, Topeka, Kan.,* 177 F.R.D. 488, 489 (D.Kan.1997) (citations omitted).

According to the 1993 Advisory Committee Notes, the purpose of the 14–day provision in Rule 54(d)(2)(B) is to assure that the opposing party is informed of the claim before the time for appeal has elapsed.[5] Defendant had ample notice that plaintiff was going to file a motion for attorneys fees, having consulted with defense counsel after the jury verdict and after the Court ruled on plaintiff's damages on July 30, 2003. Further, on November 19, 2003, plaintiff's counsel provided defendant with an estimate of hours expended in the case. Thus, denying plaintiff's motion on strictly procedural grounds would appear to contravene the spirit of Rule 54(d)(2)(B).

■ Alternatively, even if the Court found that plaintiff violated both the letter and the spirit of Rule 54(d)(2)(B), the Court would exercise its discretion to extend the time limit to file a motion for attorneys' fees under Fed.R.Civ.P. 6(b)(2).[6] Although plaintiff did not specifically request additional time to file pursuant to Rule 6(b), its motion filed November 29, 2003 can be construed as such since it seeks leave of the court for an extension of time to file a motion and memorandum (Doc. 93).

■ Excusable neglect is an equitable concept whereby the court takes into account all the relevant circumstances surrounding the delay. Pertinent factors include: (1) the danger of prejudice to the other side; (2) the length of delay and its potential impact on proceedings; (3) the reason for the delay and whether it was in the control of the party; and (4) whether the movant acted in good faith.[7]

■ Since the determination of excusable neglect is, at root, an equitable one, the court is free to weigh the aforementioned factors as it sees fit.[8] First, there is nothing in the record to indicate that defendant was prejudiced in any way by plaintiff's two-day delay in filing its motion. Second, any delay to the judicial proceedings was slight and not unreasonable. Third, there is no evidence that plaintiff acted in bad faith by filing late. Finally, the Court does not find that plaintiff's actions rise to the appropriate level of ignorance or lack of diligence.[9]

## B. Merits of Application

### 1. Reasonable hours

■ "The district court should take the first step in calculating the lodestar by determining the number of hours reasonably spent by counsel for the party seeking fees."[10] The court must ensure that the

---

**5.** Fed.R.Civ.P. 54(d)(2)(B), 1993 Advisory Committee Notes. See *Jones v. Central Bank,* 161 F.3d 311, 312, n. 1 (5th Cir.1998) (finding that district court did not abuse its discretion by accepting fee motion on 15th day where defendant had prior notice that plaintiff might seek attorneys' fees).

**6.** Stating that ("the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified time period permit the act to be done where the failure to act was the result of excusable neglect."). Although Rule 6(b)(2) enumerates certain instances where the court ordinarily cannot extend time constraints, Rule 54(d)(2)(B) is not included in the list. See Fed.R.Civ.P. 6(b).

**7.** *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 394–95, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

**8.** *Id.*

**9.** Additionally, the Court notes that defendant's response to plaintiff's motion for fees is also untimely under D. Kan. Local Rule 54.2, which gives a party 10 days in which to respond to an applicant's memorandum in support of its fee application. Defendant's response was filed on January 21, 2004, thirty days after plaintiff filed his memorandum.

**10.** *Case,* 157 F.3d at 1250 (citation omitted).

party seeking fees has provided meticulous and contemporaneous time records detailing each lawyer for whom compensation is sought and how their time was expended.[11] The court finds that plaintiff has provided such records. In examining the fee request, the court must determine whether the plaintiff exercised billing judgment.[12] "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended."[13]

Upon review, the Court finds that it is not necessary to reduce the requested hours expended by plaintiff's counsel. Mr. Alegria indicates that he has eliminated duplicative time as well as made a general time reduction of all entries of approximately 25%. Although plaintiff's counsel expended 553.10 hours, compared to defense counsel's expenditure of approximately 400, the Court does not find the difference unreasonable in light of the plaintiff's burden at trial. Defendant does not object to the requested hours expended by Mr. Alegria's paralegal, and the Court will not adjust those hours.

### 2. Reasonable Rates

■ Calculating the lodestar also requires the court to examine the hourly rate requested by the plaintiff, which is $250/hour. Defendant challenges the hourly rate requested by Mr. Algeria as well as the hourly rate requested for Mr. Alegria's legal assistant.

■ In examining the hourly rate, the court is to refer "to the prevailing market rates in the relevant community."[14] The relevant community is the place where the litigation occurs.[15] "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[16] Accordingly, the Court must look to the rates of lawyers of comparable skill and experience in Topeka, Kansas. In making this determination, the court may rely on its "own knowledge of prevailing market rates."[17]

The Court has reviewed the affidavits submitted by both parties from local attorneys regarding rates in Topeka. In light of the Court's own familiarity with the relevant rates in the community, the Court reduces Mr. Algeria's request from $250/hour to $150/hour. The Court is unaware of any case in this community in which attorneys fees have been granted pursuant to Title VII or comparable statutes at the rate of $250 per hour.[18]

11. *Id.*

12. *Id.*

13. *Id.*

14. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

15. *Jayhawk Investments, L.P. v. Jet USA Airlines, Inc.*, 1999 WL 974027 at *4 (D.Kan. 1999) (citation omitted).

16. *Case*, 157 F.3d at 1256.

17. *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994).

18. *See, e.g., Nelson v. Kansas*, 2003 WL 22871685 (D.Kan. Nov.13, 2003) (reducing request for $175/hour to $150/hour for experienced lawyer); *Scott v. Boeing Company*, 2002 WL 1378243 at *2 (D.Kan.2002) (reducing request for $200/hour to $150/hour for experienced lawyer). The Court notes that in Kansas City, Kansas, where the prevailing market rate is higher than that in Topeka, the approved rate averages in the $ 150–$200 range. *See, e.g., Russell v. Sprint Corp.*, 2003 WL 21994746 at *1 (D.Kan.2003), and cases cited therein.

■ Neither party provides any affidavits or information about the prevailing market rate for legal assistants. In light of the Court's own familiarity with the relevant rates in the community, the Court declines to reduce the hourly rate for Mr. Alegria's legal assistant, which shall be allowed in the reasonable amount of $75 per hour.

### 3. Expenses

The Tenth Circuit provides:

Items that are normally itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount... Some expenses are included in the concept of attorney's fees, as incidental and necessary expenses.[19]

■ Defendant objects to travel-related costs sought by plaintiff in the total amount of $444.02. The Court finds plaintiff's request regarding these times to be reasonable and connected to his representation of plaintiff and adequately substantiated. The Court also allows reimbursement of $121.00 for Kenneth Musfelt's witness fee, as he testified at trial. Plaintiff has withdrawn his request for costs relating to his designated expert, Dr. Shulman, who was not called to testify at trial. Accordingly, the Court will reduce plaintiff's expense request by $505.00.

### 4. Adjustment of Lodestar

■ Finally, defendant requests a downward adjustment of the lodestar amount because the plaintiff prevailed on only one of his multiple claims, and was not awarded any compensatory or punitive damages by the jury.

■ "The lodestar is the presumptively reasonable fee."[20] However, the court may adjust the lodestar downward if necessary.[21] The Tenth Circuit provides:

In evaluating whether the lodestar amount should be adjusted when the prevailing party obtained only partial success, the court must consider two questions: (1) whether the claims on which the plaintiff did not prevail were related to those on which she did prevail; and (2) whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.[22]

Defendant submits that the Court should reduce the lodestar amount to a figure that more closely approximates the damages recovered by plaintiff Leidel in order to avoid a windfall to plaintiff's counsel, who defendant contends seriously misjudged the value of Leidel's claims. Specifically, Leidel only prevailed on his retaliation claim, where he was awarded damages for back pay in the amount of $30,847.14, and pre-judgment interest in the amount of $5,287.04. The damages sought by Leidel at trial included $400,000.00 in wage loss damages, $250,000.00 for humiliation and embarrassment, and $1 million in punitive damages. Defendant suggests a reduction of one-third to one-half of the lodestar amount is appropriate. Plaintiff responds that counsel has already made significant reductions to his bill and that his request for punitive damages is not a discrete and severable claim.

The Court finds that a downward adjustment of the lodestar is not necessary. Plaintiff's sexual harassment claim was clearly related to his retaliation claim, as they arose out of a common core of facts. Moreover, the hours that plaintiff's counsel

---

**19.** *Ramos v. Lamm,* 713 F.2d 546, 559 (10th Cir.1983) (overruled on other grounds).

**20.** *Metz,* 39 F.3d at 1493.

**21.** *Id.*

**22.** *Id.* (citations omitted).

expended on the case are reasonable in light of the level of success achieved. That Leidel was not awarded all of the damages he sought does not undermine the validity of the attorney fee award.[23]

### B. Conclusion

Based on the foregoing analysis, the Court awards the plaintiff the following attorney fees and expenses as reasonably expended in this litigation:

| | | |
|---|---|---|
| David Alegria | 553.10 hours @ $150/hour | $82,965.00 |
| Legal Assistant | 53.3 hours @ $75/hour | 3,997.50 |
| Costs | | 6,118.80 |
| | | $93,081.30 |

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for attorney fees and costs (Doc. 94) is GRANTED IN PART AND DENIED IN PART. The Court finds that plaintiffs are entitled to attorney's fees of $82,965.00, legal assistant fees of $3,997.50, and expenses of $6,118.80, for a total of $93,081.30.

IT IS SO ORDERED.

---

**23.** *See Metz,* 39 F.3d at 1493.